## Lancaster Bone Fertilizer Co., Inc., v. Weaver. No. 1

J. Farrel Garvey and J. Roland Kinzer, for petitioners.
Charles W. Eaby, contra.

ATLEE, J., February 27, 1932.—The petition of Harry M. Weaver and Anna M. Weaver filed on December 26, 1931, recites the following facts:

"1. That the Lancaster Bone Fertilizer Co., Inc., on December 22, 1930, entered a judgment note against S. R. Weaver in the sum of $828.35, dated March 26, 1930, in the Prothonotary's Office in and for Lancaster County, to November Term, 1930, No. 298.

"2. On the same day the said plaintiff issued a fi. fa. on said judgment to January Term, 1931, No. 53.

"3. On December 23, 1930, the sheriff levied on personal property supposed to be owned by the defendant in the execution, S. R. Weaver.

"4. On December 24, 1930, Harry M. Weaver, Anna Weaver and Joseph M. Weaver filed a property claim, claiming all the goods levied on as aforesaid.

"5. On January 17, 1931, the sheriff presented to the court of common pleas a petition for an interpleader.

"6. On March 14, 1931, separate issues were framed by the Court of Common Pleas of Lancaster County for the above claimants to April Term, 1931, Nos. 16, 17 and 18.

"7. On March 14, 1931, the claimants filed separate statements and the defendant filed separate pleas in the foregoing cases.

"8. The claimants in the aforesaid cases not having filed bonds, the court, on motion of the plaintiff in the execution, directed the sheriff to sell so much of the property as would be sufficient to satisfy the debt, interest and costs of the above judgment.

"9. On March 24, 1931, the sheriff posted bills to sell the personal property.

"10. On March 31, 1931, the sheriff sold certain personal property which was covered by the claims of Harry M. Weaver and Anna Weaver for the sum of $1040.75.

"11. On May 1, 1931, the sheriff paid to J. Farrell Garvey (attorney for Harry M. Weaver and Anna Weaver) the sum of $82.70, being the balance due or overplus from the sale of the aforesaid personal property. The sheriff retained in his custody the sum of $958.05, the amount of the debt, interest and costs on the above execution, to await the demands of the pending interpleader suits of Anna Weaver and Harry M. Weaver. against the Lancaster Bone Fertilizer Co., Inc., to April Term, 1931, Nos. 17 and 18.

"12. On September 28, 1931, the aforesaid cases of Anna Weaver and.Harry M. Weaver were jointly tried in the Court of Common Pleas of Lancaster County before a jury, and they found in favor of the claimants and a verdict was entered the same day.

"13. On October 21, 1931, pursuant to the aforesaid verdict in favor of Anna Weaver and Harry M. Weaver, the Sheriff of Lancaster County paid to J. Farrell Garvey and J. R. Kinzer, attorneys for Anna Weaver and Harry Weaver, the sum of $852.05, being the balance of the aforesaid money held by the sheriff, less the costs.

"14. As stated in the prior paragraph, the sheriff retained the sum of $958.05, and on October 21, 1931, paid to the claimants, through their attorneys, the sum of $852.05, leaving the sum of $106 in the hands of the sheriff due the claimants, Anna Weaver and Harry M. Weaver.

"15. That the claimants in this case have made repeated requests and demands on the sheriff to pay over this balance of $106, which he refused and still continues to refuse to do.

"Wherefore, your petitioners pray your honorable court to grant a rule on the Sheriff of Lancaster County to show cause why the balance of $106 from the sale of personal property by him on March 31, 1931, should not be paid over to your petitioners."

The answer of the Lancaster Bone Fertilizer Co., Inc., admits the truth of the allegations in the first fourteen items of the petition, but denies the other allegation as follows:

"15. The facts set forth in paragraph fifteen are denied because the $106 therein referred to is made up of the following items: Five per cent. collection fee, $41.40; issue of fi. fa., $3.05; entry of judgment, $1.50; plaintiff's

docket fee, $3; costs of levy, $22.40; prothy petition, $2.50; sheriff's service of rule, $1.50; sheriff's sale costs, $30.65.

"16. That the claimants and petitioners are not entitled to said sum, or any part thereof, because it was the legal costs incident to the entry of a judgment, the sheriff's levy and the costs of a sale made necessary by reason of the fact that the petitioners claimed the goods and did not file a bond.

"17. Your affiant, therefore, prays that said rule be dismissed at the costs of the petitioners."

The brief filed on behalf of the Lancaster Bone Fertilizer Co., Inc., contends as follows:

"A careful examination of the Interpleader Act will show that there is no provision for the remedy prayed for. On page 324 of 12 PS (§ 2354), the law describes how and what shall be done under such circumstances, to wit: The sheriff shall sell 'and the proceeds thereof shall be paid into court to await the determination of the issue.' The next section of page 325 provides what costs shall be taxed in case the claimant fails. There is no provision to dispose of the costs in case the claimant wins.

"Section fourteen of the act, found on page 328 of 12 PS (§ 2356), is as follows: "In all issues framed under this act all the costs of the proceedings shall follow the judgment and be paid by the losing party as in other cases.' Hence it is clear that the court has no authority to compel the sheriff to pay the amount of the costs, to wit, $106, to the claimant.

"The claimant may have an action against the losing party, but nowhere is there any authority in the act which says that the sheriff does not have a right to deduct his costs from the proceeds of the sale.

"This is what he did, and unless there is some statutory authority denying him that right, he had a right so to do."

The brief filed on behalf of Harry M. Weaver and Anna M. Weaver contends that the Interpleader Act of May 26, 1897, P. L. 95, Sec. 13, specifically provides as follows:

"If upon the trial of said issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court, and the proceeds of said goods and chattels, if in court, shall be paid to the party entitled thereto as thus ascertained. If, however, said goods and chattels have been taken by the claimant, a verdict and judgment for the value thereof shall be entered against the claimant and in favor of the defendant in the issue."

Section 14. "In all issues framed under this act all the costs of the proceedings shall follow the judgment and be paid by the losing party as in other cases."

The Weavers contend that the Lancaster Bone Fertilizer Co., Inc., is not entitled to the amount in question because the amount now in the hands of the sheriff was the legal costs incident to the entry of a judgment, and the sheriff's levy and the costs of the sale were made necessary by reason of the fact that the petitioners claimed the goods and did not file a bond.

Upon careful consideration of all the facts of this case, and upon consideration of the authorities cited in support of the respective contentions of the parties to this matter, the court now discharges the rule to show cause why the amount of money in the hands of the Sheriff of Lancaster County should not be paid over to Anna M. Weaver and Harry M. Weaver, the petitioners herein.

From George Ross Eshleman, Lancaster, Pa.